IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KWILSON COLEMAN
    Petitioner

V.

GLUNT, STEVEN
    Superintendent of the State Correctional
    Institution at Houtzdale

    Respondent

CIVIL ACTION NO. *13-CV-1699*

FILED SCRANTON
JUN 21 2013
PER ___ DEPUTY CLERK

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, KWILSON COLEMAN through undesigned counsel, hereby files petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on the United States Supreme Court's recent decision in <u>Miller v. Alabama</u>, 567 U.S. ____, 132 S.Ct. 2455 (2012), which holds that a mandatory life-without-parole sentence for a juvenile violates the Eight Amendment to the United States Constitution. In support of this Petition, Petitioner states the following:

1.    Petitioner, KWILSON COLEMAN, is in the custody of the Commonwealth of Pennsylvania in the State Correctional Institution at Houtzdale, under a sentence of mandatory life imprisonment without parole for the York County conviction for first-degree murder, and related charges.

### Relevant Procedural History

2.    On *12, 2*, 2008, Petitioner, was arrested for a crime alleged to have been committed on *11, 27*, 2008, when Petitioner was ___ years old. On *10, 7*, 20*09*, Petitioner was convicted of first degree murder. On *12, 2*, 20*09*, Petitioner was sentenced to a

mandatory life sentence pursuant to what has now been determined to be unconstitutional provisions of the Pennsylvania sentencing scheme. See 18 Pa. C.S. § 1102 (1979) (authorizing only death sentence or life imprisonment sentence for first degree murder); 61 Pa. C.S. § 331.21 (1979) (providing that parole is not available for sentences of life imprisonment).

3. On June 25, 2012, the United States Supreme Court decided Miller V. Alabama, 567 U.S. ___, 132 S.Ct. 2455 (2012), finding that the mandatory imposition of a life sentence without parole for a juvenile convicted of homicide is unconstitutional. On that basis, Petitioner is filing a motion for leave to file a ~~successive~~ federal habeas petition and request for appointment of counsel.

4. Petitioner has previously filed a motion for post-conviction relief in state court based on the Miller decision, arguing that his petition is timely as it is based upon a new rule of law. However, the question of the retroactivity of the Miller decision has yet to be decided by Pennsylvania courts. Given uncertainty about the ultimate resolution of the issues implicated by the Miller decision, Petitioner is filing a motion for leave to file this ~~successive~~ habeas petition in order to protect his right to habeas review.

### Claim for Relief

**I. PETITIONER'S MANDATORY SENTENCE OF LIFE WITHOUT PAROLE VIOLATES THE EIGHT AMENDMENT'S PROHIBITION ON CRUEL AND UNUSUAL PUNISHMENT; PETITIONER'S SENTENCES SHOULD BE VACATED, AND HE SHOULD BE INDIVIDUALLY RESENTENCED ON LESSER-INCLUDED OFFENSES.**

5. Based on the Supreme Court's recent decision in Miller, Petitioner seeks a vacation of all his sentences and an order that he be individually resentenced on the lesser-included offenses.

6. On June 25, 2012, the United States Supreme Court issued its decision in Miller v. Alabama. The petitioners in Miller were two 14-year-olds- who were sentenced to mandatory life sentences without the possibility of parole. Miller, 132 S.Ct at 2460. The Court found that a mandatory imprisonment of life without parole violates the Eighth Amendment.

7. The Court based its decision in Miller on its prior precedent, namely Roper v. Simmons, 543 U.S. 551 (2005), and Graham v. Florida, 130 S.Ct. 2011 (2010). These cases likened a sentence of life without parole "to the death penalty itself" and recognized that "children are constitutionally different from adults for purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform... 'they are less deserving of the most severe punishments.'" Id. at 2464 (quoting Graham)

8. The Court recognizes and has set a sentencing scheme for adults with Diminished Capacity, which establishes a specific sentencing range. The Miller ruling is saturated with science that establishes that juveniles lack the mental capacity of adults, which should afford them less time or no greater then the same sentence for an adult deemed to have diminished capacity.

9. The court recognized that mandatory sentencing schemes that require life in prison without parole are flawed because these schemes do not take into account the differences between adults and juveniles and "prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionally punishes a juvenile offender." Id. at 2466.

10. The Court accordingly held that "mandatory life without parole for those under

the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment.'" Id. at 2460.

11. The decision in Miller is retroactive on its face. The companion case decided with Miller, Jackson v. Hobbs,[1] was a state post-conviction case. When it decided Miller, which was a direct appeal, the Supreme Court did not draw any distinction between Jackson's collateral challenge and Miller's case. The Court applied the same rule and invalidated mandatory life imprisonment for both Jackson and Miller. Hence, the United States Supreme Court has already applied the Miller rule retroactively to a case on collateral review.

12. Like the petitioner in Miller, Petitioner was a juvenile at the time of the offense. Petitioner was born on 3, 10, 1991. He was arrested on 12, 2, 2008, when he was 17 years old, and was charged with murder. There is no doubt that Petitioner was under the age of eighteen when the homicide occurred, and he was sentenced under a statue that required the mandatory imposition of life imprisonment without parole. See 18 Pa. C.S. § 1102 (setting forth sentences for first and second-degree murder); 61 Pa. C.S. § 6137 (barring life-sentenced prisoners from parole eligibility).

13. Thus, pursuant to the holding in Miller, it is plain that Petitioner's sentence violates the Eighth Amendment and must be vacated.

A. **Constitutional Sentencing.**

14. At the time of the crimes for which Petitioner was convicted, Pennsylvania law allowed only two possible sentences for first degree murder - death and life imprisonment

---

[1]Miller v. Alabama, No 10-9646, and Jackson v. Hobbs, No. 10-9647, were decided together in a single opinion, for which there is a single citation.

without parole. See 18 Pa. C.S. § 1102 (1979) (authorizing only death sentence or life imprisonment sentence for first degree murder); 61 Pa. C.S. § 331.21 (1979) (providing that parole is not available for sentences of life imprisonment). For juveniles like Petitioner, both of those sentences have been held unconstitutional. See Roper, supra; Miller, supra.

15. The Pennsylvania Code therefore does not establish a constitutional sentence for first or second degree murder committed by a juvenile. It would violate Petitioner's ex post facto rights to inflict "punishments, where the party was not, by law, liable to any punishment" or to inflict "greater punishment, than the law annexed to the offense." Stogner v. California, 539 U.S. 607, 612 (2003) (quoting Calder v. Bull,) 3 Dall. 386, 389, 1 L.Ed. 648 (1798). Here, any sentence imposed that is greater than a statutory established, constitutional sentence would amount to a judicially created, retroactive punishment that was not "annexed to the offense" at the time these crimes occurred. The only statutory established, constitutional sentence applicable here is the sentence attendant to the lesser included offense of third degree murder at the time of these crimes. See 18 Pa. C.S. § 1103 (1979) Petitioner must be sentenced accordingly.

16. For similar reasons, imposing a judicially created sentence that is greater than any statutory established constitutional sentence would be unfair, arbitrary, capricious, and lacking notice, all in violation of Petitioner's due process rights and his rights as guaranteed under the Eighth Amendment. Likewise, a judicially created sentence, for example a sentence of life with parole, would violate equal protection by inviting unfair and discriminatory treatment for Petitioner when compared to those who are sentenced according to constitutionally sound statues. Accordingly, Petitioner must be resentenced pursuant to the lesser included offense of diminished capacity third degree murder. Such a sentence would accord with the approach taken previously in Pennsylvania after a sentencing statue has been found unconstitutional. In Commonwealth v. Story, 282 A.2d 488 (Pa. 1981), for example, the Pennsylvania Supreme Court vacated the death sentence upon finding the statue unconstitutional and imposed the next most severe statutorily authorized sentence - life imprisonment. Id. In reaching this result, the court refused to permit the

defendant to be subjected to another capital sentencing proceeding under the then-new sentencing statue. The court explained that such an approach would "violate equal protection and due process." Id. at 492. See also Commonwealth v. Bradley, 449 Pa. 19 (1972) (vacating defendant's death sentence in light of Furman v. Georgia, 408 U.S. 238 (1972), and imposing the next most severe statutorily authorized sentence of life imprisonment); Rutledge v. United States, 517 U.S. 292 (1996) (the court "may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense"); Morris v. Mathews, 475 U.S. 237 (1986) (same).

17. Pennsylvania has recently decided one of two companion cases addressing the impact of Miller. In Commonwealth v. Batts, - A.3d -, 2013 WL 1200252 (Pa. March 26, 2013), the Pennsylvania Supreme Court rejected the argument that the appellant should be resentenced pursuant to the penalty for third degree murder, in violation of ex post facto rights, due process and the Eighth Amendment. However, the Pennsylvania courts have yet to decide the question of retroactivity, so its unclear whether the Batts decision will apply to litigants like Petitioner, who were in post-conviction posture at the time of the Miller decision. The question has been addressed in briefing and in argument in Commonwealth v. Cunningham, 38 EAP 2012. However, the court has not yet issued an opinion in that case. Petitioner is filing this petition to preserve his rights in the event that Pennsylvania determines that Miller did not establish a new rule of law and to challenge the Pennsylvania courts' refusal to order resentencing pursuant to third degree murder. Petitioner challenges the refusal of the Pennsylvania Court's ruling in Batts of resentencing on third degree as it ignored the diminished capacity application.

18. The Pennsylvania court in its Batts rejection of his third degree argument stated they were tasked with determining an appropriate scheme for resentencing for that offense, consistent with Miller. Petitioner want the Court to utilize the appropriate third degree Diminished Capacity scheme, it is supported by the Miller ruling and applies to Petitioner. Miller in detail outlines the inability of a juvenile to have full culpability over his actions which automatically

brings his mens rea into question. The absence mens rea negates a sentence that solely rely on intent.

19. The Court of Appeals for the Third Circuit is also currently considering the question of the retroactivity of the <u>Miller</u> decision. In <u>In re Franklin X. Baines</u>, No. 12-3996, and In <u>re Michael J. Pendleton</u>, No. 12-3617, the Court has ordered briefing on these questions. Argument is expected in the next several months.

**B.     Available Mitigating Evidence Relevant to Sentencing.**

20. In this, case extensive and well documented mitigating evidence, precisely the type of evidence the Supreme Court held relevant to juvenile sentencing in <u>Miller</u>, was available at the time of sentencing, but was not before the sentencer. For this reason, too Petitioner's constitutional rights were violated. Petitioner is requesting the appointment of counsel and will supplement this Petition once counsel has collected mitigating evidence in support of this habeas claim.

**C.     Conclusion.**

21. Petitioner's mandatory sentence of life without parole, imposed for acts committed when he was under eighteen years old, violates the Eight Amendment to the United States Constitution, and consequently, this Court cannot permit his sentences to stand.

**WHEREFORE,** Petitioner respectfully requests that the Court vacate his life sentence and grant the writ of habeas corpus.

Respectfully submitted,

*KWilson Coleman*

PRO SE

PO BOX 1000

HOUTZDALE, PA 16698-10000

6 / 4 /2013

Date: June 4, 2013

## Certificate of Service

I, KWILSON COLEMAN, HEREBY certify that on this 9th day of June 2013 I served a copy of the foregoing upon the following by prepaid postage US mail:

Office Of the Clerk
United States District Courts
Middle District Of Pennsylvania
William J. Nealon Federal Building & US Courthouse
235 North Washington Avenue
PO Box 1148
Scranton, PA 18501-1148


Don O'Shell
Clerk of Courts
York County Judicial Center
45 North George Street
York, PA 17401


_____
Kwilson Coleman, Pro-se

6/9/2013
Date: June 9, 2013

From:
K Wilson Coleman
# JJ6222
P.O. Box 1000
Houtzdale, PA, 16698-1000

No Fee
Enclosed
- D

RECEIVED
SCRANTON
JUN 21 2013
DEPUTY CLERK

To: